UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE POLO/LAUREN COMPANY, L.P. and
RALPH LAUREN HOME COLLECTION,
INC.,

                              Plaintiffs,

              -against-

707 LICENSING LIMITED,

                              Defendant.

Case No. 1:25-cv-10127 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiffs The Polo/Lauren Company, L.P. ("PLC") and Ralph Lauren Home Collection, Inc. ("RLHC") bring this action against Defendant 707 Licensing Limited ("707", invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiffs allege that they are citizens of New York and Delaware. *See* Dkt. 1 ("Complaint") ¶¶ 6-7. They further allege that Defendant 707 is a citizen of Hong Kong. *See id.* ¶ 8.

It is well established that for purposes of diversity jurisdiction, a limited partnership like PLC has the citizenship of each of its general and limited partners. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (collecting cases). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited partnership and the place of incorporation and principal place of business of any corporate entities that are members of the limited partnership — including the citizenship of any members of the limited partnership that are a limited liability company ("LLC"). *See Handelsman*, 213 F.3d at 51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, & ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). It is likewise well

established that an LLC is deemed to be a citizen of each state of which its members are citizens. *See Handelsman*, 213 F.3d at 51-52 (2d Cir. 2000); *Altissima Ltd. v. One Niagara LLC*, No. 08-cv-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members).

In the present case, the Complaint fails to properly plead the citizenship of Plaintiff PLC. While Plaintiffs properly plead the citizenship of PLC's general partner, PRL International, Inc., Complaint ¶ 6, they fail to plead the citizenship of PLC's limited partner, R.L. Fragrances, LLC, *id.* As an LLC, R.L. Fragrances, LLC has the citizenship of all of its members. *Handelsman*, 213 F.3d at 51-52 (2d Cir. 2000). Yet Plaintiffs only plead the LLC's place of incorporation and principal place of business. Complaint ¶ 6.

Accordingly, it is hereby ORDERED that, on or before **December 12, 2025**, Plaintiffs shall amend their Complaint to allege the citizenship of each constituent person or entity comprising R.L. Fragrances, LLC. If, by that date, Plaintiffs are unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: December 8, 2025
New York, New York

JENNIFER L. ROCHON
United States District Judge